'(December 8, 1902.)'

## KINDALL v. LINCOLN HARDWARE AND IMPLEMENT COMPANY.

[70 Pac. 1056.]

EXEMPT PROPERTY—CHATTEL MORTGAGE.—Under the laws of Idaho, a chattel mortgage executed by the husband alone upon chattels which are exempt from execution creates no lien thereon, where the wife does not join in the execution of such chattel mortgage, as required by the act of February 16, 1899.

CHATTEL MORTGAGE — FORECLOSURE BY SHERIFF'S NOTICE AND SALE—
INJUNCTION.—An injunction will lie to restrain a mortgagee and
sheriff from foreclosing a chattel crop mortgage executed by the
husband alone upon property belonging to the husband and ex-
empt from execution.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

McDonald & De Haven, for Appellant.

This action was brought under section 3396 of the Revised
Statutes to contest the foreclosure of a crop mortgage, and
its determination involves a construction of said section as to
the proper procedure in cases where the mortgagee's right to
foreclose is challenged. We maintain that the death of the
wife, especially after action brought and an injunction bond
given, as in this case, did not have any such miraculous effect
as to make a mortgage valid that was void in her lifetime.
Mortgages are not made valid by the death of parties who
should have joined in their execution. We maintain further
that under said statute either of the spouses could take ad-
vantage of the failure of the other to join in the execution of the
mortgage. Conceding for the sake of argument that the fore-
closure affidavit is sufficient under section 3391, then the mort-
gagee's right to foreclose could only be assailed in a proceeding
under this section. (*Blumauer-Frank Drug Co. v. Branstetter,*
4 Idaho, 557, 95 Am. St. Rep. 151, 43 Pac. 575.) Now we take
the position that no mortgagee should be permitted to foreclose,
by notice and sale, a mortgage that he cannot foreclose in a court
of equity, and that once in a court of equity he must there
affirmatively assert his right to foreclose or forever waive it.
The section above quoted "evidently contemplates an action in
the district court." (*Murphy v. Russell,* ante, p. 133, 67
Pac. 421; Ency. of Pl. & Pr., 520, citing *Hanlon v. Parson,*
33 Iowa, 207; *Stevens v. Home Sav. etc. Assn.,* 5 Idaho, 741,
51 Pac. 779, 986; *Lynch v. Metropolitan Elevated R. Co.,* 129
N. Y. 274, 26 Am. St. Rep. 523, 29 N. E. 315, 15 L. R. A.
287.)

L. Vineyard and G. G. Pickett, for Respondents.

Without going into detail in answering all the statements made in appellant's brief, we believe we can dispose of them by referring to them generally. Many pages of plaintiff's brief are taken up in discussing errors assigned on the findings of law and fact. Did the court err in finding from the pleadings and proofs that the mortgage sought to be foreclosed by affidavit was a legal and valid mortgage, and that the respondent hardware company had a right to foreclose it by affidavit and notice by the sheriff under the statute? We do not agree that in so finding the court erred. On this let us look at the issues tendered by the complaint. It is alleged in the complaint that the mortgage sought to be foreclosed was executed as alleged in the affidavit, and not claimed that the amount claimed by the respondent was not then due and owing thereon. This being so, the respondent company was not called upon to go into any evidence in addition to what was offered on this subject by copies of the mortgage and affidavit, etc., and on this the court was justified in finding as conclusion of law that the mortgage was valid and legal, and that the sheriff was proceeding rightfully and legally at the time Kendall brought the suit, and that Kendall was not entitled to the relief prayed for, and therefore his suit should be dismissed. The judgment being based upon this conclusion, the question is, Was this right? We think it was. This suit for perpetual injunction was brought on the sole ground that the mortgage was invalid, and that the process in the hands of the sheriff was void, not being, as claimed, in legal form. If the findings and conclusions on this matter are correct, all other findings which might have been obviated will not be reviewed. (*Gordon v. Clark,* 22 Cal. 533; *Stewart v. Smith,* 14 Abb. Pr. 75; *Fowler v. Clemwriter,* 35 Barb. 143.) So errors committed by the court below in favor of an appellant cannot be reviewed here. (*Weiser v. Dennison,* 10 N. Y. 68, 61 Am. Dec. 731.) If the judgment is just in the main, mere technical irregularities of form will be disregarded. (*Webster v. King,* 33 Cal. 348.) Alleged errors in findings of fact will not be considered when the find-

ings themselves are immaterial to the decision. (*Knocken-baum v. Pierson*, 22 Cal. 160.)

QUARLES, C. J.—On the fourteenth day of September, 1899, the respondent, the Lincoln Hardware and Implement Company, a corporation, sold to the appellant, Kindall, and the respondents C. S. Stone and E. E. Squires, one 32-Columbia thresher and 8-horse triple gear power, with divers fixtures thereunto belonging, conditionally, and entered into a contract of sale, under the terms of which said thresher, etc., was to remain the property of said corporation, who was to retain the title thereto until the said purchase price, with interest thereon, was fully paid. On the said date the appellant, Kindall, and the respondent Stone and Squires executed to said corporation, to secure the said purchase price, a mortgage upon the said thresher, horse power, and fixtures, and six hundred bushels of barley then stored in the granary of appellant, J. E. Kindall, and to further secure said purchase price the appellant, Kindall, and respondents Stone and Squires jointly executed on the said day another chattel mortgage, further mortgaging to said corporation the crops then growing and to be thereafter grown, and described as follows, to wit: "The crop of flax now being and growing on the north half of the northeast quarter and the north half of northwest quarter of section 28, township 32 north, range 2 east, Boise meridian, and containing sixty acres. One-half of all the crop of flax now growing and being on the southwest quarter of section 4, township 33 north, range 2 east, Boise meridian, containing one hundred and sixty acres. The crop of every description to be sown, grown, and raised on the above-described land, and also in addition to be grown and raised on the southeast quarter of section 17, township 32 north, range 2 east, Boise meridian, during the year of 1900, to have and to hold the beforementioned and described crop, subject to the provisions hereinafter contained." It appears from the record that on the seventeenth day of November, 1900, the said corporation respondent commenced summary proceedings by notice and sale to foreclose the latter mortgage men-

tioned above, upon certain barley and wheat that grew upon the said southeast quarter of section 17, township 32 north, range 2 east, Boise meridian, to satisfy the balance remaining due upon said purchase price secured by said chattel mortgages aforesaid, amounting then, as alleged in the affidavit accompanying the notice to the sheriff of Idaho county, to the sum of $335, with interest thereon from the fourteenth day of September, 1899, at the rate of eight per cent per annum, together with attorney's fees for foreclosure, the sum of fifty dollars, and costs for foreclosure. The sheriff of Idaho county having seized the said twelve hundred bushels of barley and fifteen tons of hay under said chattel crop mortgage, the appellant, J. E. Kindall, and his wife, Armindia Alice Kindall, commenced an action for the purpose of enjoining the respondent the Lincoln Hardware and Implement Company from proceeding to foreclose said chattel mortgage, and in their complaint set forth divers grounds of defense to said foreclosure proceedings. After the commencement of this action, and during its pendency, the said wife of appellant, Kindall, departed this life, whereupon an order of substitution was made by the district court, authorizing and permitting said appellant, Kindall, to prosecute the action solely in his own name; and afterward, by amended complaint, the appellant, Kindall, set forth, among other defenses to the foreclosure of said chattel crop mortgage, that the said twelve hundred bushels of barley and fifteen tons of hay mentioned in said affidavit and notice to the the sheriff, and which were seized by said sheriff under said chattel mortgage, and which said sheriff was about to sell, were grown upon fifty acres of land, and were the community property of appellant, Kindall, and his said wife, and that appellant's said wife did not join in the execution of said mortgage. Said appellant claimed said twelve hundred bushels of barley and said hay as exempt from execution.

A careful examination of the record convinces us that the said twelve hundred bushels of barley and fifteen tons of hay were community property belonging to the appellant and his wife, and that the same were, under the provisions of section

4480 of the Revised Statutes of Idaho, as amended by the act of February 14, 1899 (Sess. Laws 1899, pp. 251, 252), exempt from execution. And we are also of the opinion that said chattel mortgage was void as to the said twelve hundred bushels of barley and fifteen tons of hay because of the failure of the wife of the appellant to join in the execution of said chattel crop mortgage, as is required by the act of February 16, 1899 (Sess. Laws 1899, p. 292), the first section of which reads as follows: "No personal property of either husband or wife, that is exempt by law from execution, shall be mortgaged by either husband or wife without the joint concurrence of both."

It is argued by counsel for respondents with much earnestness that said chattel crop mortgage is valid and enforceable against the appellant, Kindall, upon said twelve hundred bushels of barley and fifteen tons of hay; that upon the death of the wife the mortgage became valid as against appellant, Kindall, although it might have been otherwise as against both respondent and wife had the wife continued living. Unless the said crop chattel mortgage created a valid lien at the time of its execution upon the exempt property of Kindall and his wife, or either of them, the death of the wife would not, by operation of law, create a lien that otherwise did not exist. In other words, the law requiring that the wife should join in the execution of a mortgage creating a lien upon exempt property, she must so do, else no lien is created. Her death after the execution of such chattel mortgage does not, by operation of law, make that a lien which otherwise was not a lien. Hence we conclude that such chattel crop mortgage created no lien in favor of the respondent the Lincoln Hardware and Implement Company, and that the sheriff of Idaho county had no right or authority to seize or sell the twelve hundred bushels of barley and fifteen tons of hay under said chattel crop mortgage, and that the said amended complaint in this respect stated a good defense to the said foreclosure proceedings.

Other questions are raised in the record by the appellant. He earnestly contends that the law will not permit a mortgagor,

as in the case before us, having two separate chattel mortgages upon different property and against joint parties, to single out a portion of the property so mortgaged, belonging to one of the joint mortgagees, and proceed in a summary manner, under the statutes, by sheriff's notice and sale, to foreclose his mortgages by piecemeal. But in our view of the case, the question of exemption above set forth is conclusive of this case, and entitled the appellant to the relief which he sought, to wit, to have an injunction restraining the respondent mortgagee and said sheriff from selling said barley and hay under said summary proceedings. Hence it is unnecessary to pass upon the other questions raised.

Other questions are raised by counsel for appellant in his argument and brief, but we do not deem it necessary to decide them upon the record before us.

It is alleged in the complaint of appellant that his comortgagors, Stone and Squires, refused to join in with him in this action, for which reason they were made defendants.

For the foregoing reasons, the judgment in favor of respondents, dismissing this action, is reversed, and the cause remanded to the district court for further proceedings in harmony with the views expressed herein. Costs of appeal awarded to appellant.

Sullivan and Stockslager, JJ., concur.