(May 12, 1904.)

# KINDALL v. LINCOLN HARDWARE AND IMPLEMENT COMPANY.

## [76 Pac. 992.]

AMENDMENTS TO PLEADING—NEGLIGENCE.

1. In furtherance of justice, amendments of pleadings should be liberally allowed. *Held,* that the court did not abuse its discretion in refusing to allow an amendment or in refusing to allow the defendant to file a cross-complaint asking affirmative relief under the facts of this case.

(Syllabus by the court.)

APPEAL from District Court of Idaho County. Honorable Edgar C. Steele, Judge.

Application to amend answer and file cross-complaint denied by trial court. Affirmed.

I. N. Smith, for Appellant.

The case made, presented for adjudication and determination the rights of the appellant and the respondent to relief each against the other, on the allegations concerning the notes, whose execution was admitted, and concerning which the issue was as to payment. Plaintiff alleged payment; defendant denied it. The court found with the defendant and appellant. The court also found the amount due. Having thus determined the issue, it was his duty to award the judgment according to the respective interests of all the parties. Not having done so, his judgment wherein it fails to award affirmative relief to appellant is erroneous and should be reversed. (Idaho Rev. Stats. 1887, sec. 4351; *First Nat. Bank v. Bews,* 3 Idaho, 486, 31 Pac. 816; *Shields v. Ruddy,* 3 Idaho, 148, 28 Pac. 405; *Benedict v. Horner,* 13 Wis. 256; *Mackinstry v. Smith,* 16 Misc. Rep. 391, 38 N. Y. Supp. 93, 351; *Cythe v. La Fontaine,* 51 Barb. 186.) The court must in every stage of an action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, etc. (Idaho Rev. Stats. 1887, sec. 4231.) The court may, in furtherance of justice and

on such terms as may be proper, allow a party to amend any pleading or proceeding or a mistake in any other respect, etc. (Rev. Stats., sec. 4229.) Under the rules of this court, the defendant would not be permitted hereafter to maintain an action on these unpaid notes, by the simple failure to set the same up in this case. As it stands, the same were set up, facts found, but no affirmative relief was granted, because it was not asked, and refusal to amend the prayer of the answer was adjudged, upon application before judgment. When it is recalled that the amendment was asked for by a defendant, the abuse of discretion becomes quite plain. Courts have declared a greater liberality in the exercise of the discretionary amendments in favor of defendants than of plaintiff. In *Tighe v. Pope,* 16 Hun, 181, it is said: "Where a power is granted for the sake of justice, exercise of it may be enforced in a proper case. It is not wholly discretionary." In *Brown v. Bosworth,* 62 Wis. 542, 22 N. W. 521, it is said: "Possibly in view of the consequences which might result from·a refusal to amend, a greater liberality should be exercised in allowing amendments to answers than to complaints." (*McAllister v. Clark,* 33 Conn. 253; *Williams v. Cooper,* 1 Hill (N. Y.), 637; *Peter v. Foss,* 16 Cal. 357.) After evidence introduced, defendant is permitted to amend his answer. (*Thorn v. Smith,* 71 Wis. 18, 36 N. W. 707.) The right to refuse an amendment, while possibly discretionary, is not arbitrary. (*Mitchell v. Campbell,* 14 Or. 457, 13 Pac. 190; *Miller v. Perry,* 38 Iowa, 303; *O'Connell v. Cotter,* 44 Iowa, 50; *Gifford v. Mullin,* 9 Ky. Law Rep. 714, 6 S. W. 435 (437); *Grand Island etc. v. Moore,* 40 Neb. 686, 59 N. W. 115; *Carson v. Butt,* 4 Okla. 133, 46 Pac. 596; *Forcy v. Leonard,* 63 Wis. 353, 24 N. W. 78; *Foote v. Sprague,* 13 Kan. 155; *Arrigio v. Catalano,* 7 Misc. Rep. 515, 27 N. Y. Supp. 995 (after verdict); *Cain v. Cody* (Cal.), 29 Pac. 778.)

C. F. McDonald and James De Haven, for Respondent, cite no authorities on the point decided by the court.

A. S. Hardy, for Respondent Stone.

The appellant bases his argument on the theory that as a matter of right he was entitled to amend his answer after judg-

ment and after the case had been tried, so as to obtain other and further relief than was asked for in the original answer, and other relief than he had attempted to obtain by his foreclosure before the sheriff. When he commenced his foreclosure proceedings before the sheriff by notice, he did not ask that the respondent Stone be held liable in any way, or that any property of Stone's be taken, but elected to hold the respondent Kindall solely for the debt, and by doing so release the joint obligor Stone; and in the affidavit for foreclosure, all the way through reference was made to Kindall only as owing a debt. Under these circumstances Stone would be released from liability, and the fact that Stone was made defendant in the original action instead of plaintiff, and does not appear to have been served with summons and did not appear, and that the appellant herein never sought any affirmative relief against him until after the reversal of the judgment on the former appeal to this court, and then never served this respondent Stone with his notices of motion, or either of them, but only on the respondent Kindall, indicates all the way through the true fact, that respondent Stone was released from liability. We call attention to the further fact that neither in the answer nor in the cross-complaint proposed is there any sufficient showing that the appellant had exhausted his security upon the mortgages set out, and he must make such a showing before he can ask for personal judgment upon the note. (Rev. Stats., sec. 4520; *First National Bank v. Williams,* 2 Idaho, 670, 23 Pac. 552; *Barnes v. Buffalo Pitts Co.,* 6 Idaho, 519, 57 Pac. 267.) We further suggest that the amendment of a pleading under the circumstances of this case is not a matter of absolute right, but in the sound discretion of the court, and that there is no abuse of discretion shown in this case. (*Cheney v. O'Brien,* 69 Cal. 199, 10 Pac. 479; *Garrison v. Goodale,* 23 Or. 307, 31 Pac. 709; *Halleck v. Bresnahen,* 3 Wyo. 73, 2 Pac. 537.)

SULLIVAN, C. J.—This is an appeal from an order denying appellant's motion to amend its answer and to file its cross-complaint and from the judgment. This case was before this court on appeal at its November, 1902, term, and the decision

on that appeal is reported in 8 Idaho, 664, 70 Pac. 1056. On that appeal the judgment dismissing the action was reversed and the cause remanded for further proceedings. The cause again came on to be heard in the trial court on motion of counsel for plaintiff to have judgment entered in harmony with the opinion of this court, and before the judgment and decree was filed and entered, counsel for the appellant moved to amend the prayer of appellant's answer, whereby it prayed for personal judgment against the plaintiff for the sum of $335, and interest claimed to be due on certain promissory notes from the plaintiff to the appellant. The motion was denied by the court and judgment entered as directed by this court. Thereafter counsel for appellant moved the court to vacate and set aside said judgment and to grant appellant affirmative relief against the plaintiff Kindall and the defendants, Squires & Stone. At the time said motion was presented for hearing the appellant asked permission to file its cross-complaint in said cause, whereby it set up the $300 note above referred to and alleged that there were $200 due on said note with interest, and also an attorney's fee of $50, and prayed for judgment against said plaintiff and defendants for the sum of $200 and interest, and $50 attorney's fee. After hearing said motion the court denied the same. The appeal is from the order denying said motion and from the judgment.

The facts of the case quite fully appear in the opinion in 8 Idaho, and 70 Pac., *supra,* from which it appears that the plaintiff and one Squires & Stone purchased from the appellant a threshing outfit, and afterward, to secure the payment of the purchase price thereof, a mortgage was executed by said Kindall, Stone & Squires. The appellant sought to foreclose said mortgage by notice and sale, and Kindall and his wife procured an injunction to prevent such sale. It was thereafter determined that a part of the property so mortgaged was community property, and that the chattel mortgage was void as to such property, for the reason that the wife of Kindall had not signed the mortgage. In that injunction proceeding the appellant here, did not, by cross-complaint or otherwise, claim any affirmative re-

lief on the unpaid notes until the amendment to the prayer of plaintiff's answer and the cross-complaint above referred to were presented to the court. The question is presented whether under the foregoing facts the court erred in denying appellant's motion to amend the prayer of his answer or erred in denying appellant's motion to set aside the judgment and to permit said cross-complaint to be filed. It is contended by counsel for appellant that as the indebtedness mentioned in said promissory note or notes arose out of this transaction, that under the rule laid down by this court in *Stevens v. Home Savings & Loan Assn.,* 5 Idaho, 741, 51 Pac. 779, 986, and *Murphy v. Russell,* 8 Idaho, 151, 67 Pac. 427, the appellant had the right to have this whole transaction settled and adjusted between the parties in this suit, and that the court erred in denying appellant's motion to amend and file a cross-complaint. The contention that appellant had the right to ask for affirmative relief in said action is no doubt correct if such relief had been asked for in time and before the case was tried and judgment entered.

It appears from the transcript that the appellant filed no cross-complaint or prayed for any affirmative relief, or sought to do so, until after the case had been tried and decided by the court. It also appears that this case has been pending for some three or four years, and we do not think the court abused its discretion in refusing to permit the appellant to amend the prayer of its complaint or to file a cross-complaint. The motion to amend and to file a cross-complaint was not presented to the court until after the case had been tried, and if after that the court had permitted that to be done, it clearly appears from the record that a retrial of the case would have been necessary. The court finds by its findings of fact that one of the promissory notes referred to had not been paid, to wit, the one for $300, and also found that there were $35 due on the $400 promissory note, with interest on each. The appellant prays in the proposed cross-complaint for judgment in the sum of $200, with interest at the rate of eight per cent and $50 attorney's fee. This would indicate that there was not as much

due the appellant as the court had found was due by its said findings of fact which were made on the twenty-first day of November, 1901, and the proposed cross-complaint was not offered for filing until June, 1903.

Under all the circumstances and facts of this case the trial court did not err in denying the motion referred to. There must be an end to litigation, and as this case was pending for more than three years prior to the action of the court complained of, and if the court had granted the motions referred to, a retrial of the whole case would have been necessary, under those facts the court was fully justified in denying said motions. The judgment of the trial court is affirmed, with costs in favor of the respondent.

Stockslager, J., concurs.

Ailshie, J., took no part in the decision.