(December 29, 1916.)

FIDELITY STATE BANK, a Corporation, Appellant, v. C. W. MILLER, Respondent.

[162 Pac. 244.]

PROMISSORY NOTE—ORIGINAL APPLICATION—ACTION ON—ATTACHMENT— HOMESTEAD — EXEMPTION — FINDINGS OF FACT — EVIDENCE—SUFFI-CIENCY OF.

1. Under the provisions of sec. 2296, Rev. Stats. of the United States, lands acquired under the provisions of the homestead laws of the United States are not liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor.

2. The giving of a new promissory note in payment of an existing one is a payment of the old note when such is the intention of the parties, and the cancelation of the old note is a good consideration for the new one.

3. *Held,* under the evidence, that it was the clear intention of the parties that the cancelation of the old note and the execution of the new note should be a full payment of the old note.

4. Under the provisions of sec. 3482, Rev. Codes, "value" is any consideration sufficient to support a simple contract, and an antecedent or pre-existing debt constitutes "value," and is deemed such whether the instrument is payable on demand or at a future time.

5. Sec. 3576, Rev. Codes, provides, among other things, that an instrument is discharged by the intentional cancelation thereof by the holder and by any other act which will discharge a simple contract for the payment of money.

6. *Held,* that the evidence shows that the officers of the plaintiff refused to accept any renewal notes, and that the old notes were marked paid, canceled and returned to the defendant.

7. *Held,* that the evidence does not support the findings of the court to the effect that the note sued on was a renewal of a former promissory note.

[As to construction of federal statute exempting land acquired on homestead from liability for debt contracted before issuance of patent, see note in Ann. Cas. 1912D, 282.]

APPEAL from the District Court of the Second Judicial District for Clearwater County. Hon. Edgar C. Steele, Judge.

Action to discharge attachment and quiet title in real estate. Judgment for plaintiff. *Reversed.*

Chas. L. McDonald, for Appellant.

The giving of a new promissory note in lieu of an existing one is payment of the old note when such is the intention of the parties. The cancelation of the old note is a good consideration for the new one. (7 Cyc. 697, 1011; *Smith v. Smith,* 4 Ida. 1, 35 Pac. 697; *Merchants' Bank v. McClelland,* 9 Colo. 608, 13 Pac. 723; *Vollmer v. Reid's Estate,* 10 Ida. 196, 204, 77 Pac. 325; *Stanley v. McElrath,* 86 Cal. 449, 25 Pac. 16, 10 L. R. A. 545.)

"The surrender of the evidence of the debt or liability strongly indicates payment, as whatever is received therefor is to be regarded as payment." (*Riverside Iron Works v. Hall,* 64 Mich. 165, 31 N. W. 152; *Fidelity Ins. Trust etc. Co. v. Shenandoah Val. R. R. Co.,* 86 Va. 1, 19 Am. St. 858, 9 S. E. 759; *French v. French,* 84 Iowa, 655, 51 N. W. 145, 15 L. R. A. 300; *Citizens' Commercial & Sav. Bank v. Platt,* 135 Mich. 267, 97 N. W. 694; *Webber v. Alderman,* 102 Mich. 638, 61 N. W. 57; *In re O'Neil,* 189 Fed. 1010, 1013; *Manser v. Sims,* 157 Ala. 167, 47 So. 270.)

"Under sec. 2296, Rev. St. U. S., where a debt was contracted after the issuance of a final certificate of entry to defendant, but prior to his obtaining a patent, the land might lawfully be taken in satisfaction of the debt, since the patent when issued relates back to the date of the final certificate." (*Ruddy v. Rossi,* 28 Ida. 376, 154 Pac. 977.)

Ben F. Tweedy and Wm. J. Hannah, for Respondent.

The appellant has commingled the debt contracted before the issuance of the final receipt with the debt contracted after its issuance, and placed them in one entire, indivisible note, as written evidence of the debt for payment of which the attached land can be sold on execution, and of the debt for payment of which the attached land cannot be sold on execution, and the judgment rendered on the note sued on must be entire, indivisible and an entity. The creditor cannot commingle a debt for payment of which the land cannot be attached with a debt for payment of which the land can be attached, and attach the land for the commingled debts, since the commingling of such debts makes both debts of such character that no attachment can be issued or levied for the payment of either of them. (4 Cyc. 440, subd. 2, and cases cited under notes 41 and 42; *Vollmer v. Spencer,* 5 Ida. 557, 51 Pac. 609; *Wallowa Nat. Bank v. Riley,* 29 Or. 289, 54 Am. St. 794, 45 Pac. 766.)

SULLIVAN, C. J.—This action was brought to recover on a promissory note executed by the defendant. An attachment was issued and levied on certain real estate belonging to the defendant, and also on certain personal property, but no question is raised on this appeal in regard to the personal property.

The defendant filed a cross-complaint, claiming that the property on which the attachment was levied was exempt from execution under the provisions of sec. 2296, U. S. Rev. Stats. (6 Fed. Stats. Ann., p. 307; 5 U. S. Comp. Stats. (1916), sec. 4551), on the ground that said indebtedness was incurred before the defendant received his patent from the United States for said land.

The plaintiff answered said cross-complaint and it was stipulated that the final judgment should be rendered on the issues joined on the cross-complaint.

Judgment was entered whereby it was decreed that the attachment levied should be canceled and set aside and said

real estate released therefrom, and that the sale of said real estate for the payment of the indebtedness sued on in the complaint should be enjoined and the title thereto quieted as against said attachment.

It is contended by the defendant that the note sued on is but a renewal of the original obligation incurred by the defendant on February 10, 1911, and May 22, 1911, and that by reason of the indebtedness being incurred prior to the issuance of the patent to the land attached, said land under the provisions of sec. 2296, Rev. Stats. of the U. S. (6 Fed. Stats. Ann., p. 307; 5 U. S. Comp. Stats. (1916), sec. 4551), is exempt from attachment or execution, and that by reason thereof his title to said land should be quieted as against said attachment.

Plaintiff contends that each of the new notes was an original obligation given for a present consideration, and had no relation whatever to the original note.

The trial court, upon hearing the evidence, adopted the view of the defendant and entered judgment quieting his title to said land as against the claim of the plaintiff. Said decree was based on the theory that the note sued on was a renewal of the original obligation.

The main contention is that the evidence is insufficient to sustain the findings to the effect that the note sued on was a renewal and that no indebtedness was ever created by the renewal note; that simply the time of payment of the original indebtedness was extended. The note sued on bears date December 17, 1912.

Final proof was made and receiver's final certificate was issued for said land on April 10, 1911, and patent was issued May 23, 1912.

It is well-settled law that the giving of a new promissory note in lieu of an existing one is a payment of the old note when such is the intention of the parties, and that the cancelation of the old note is a good consideration for the new one. In this case the old notes were surrendered to the defendant and marked paid, and the evidence clearly shows that

it was the intention of the parties that the note sued on was intended as a payment of the older note.

Under the provisions of sec. 3482, Rev. Codes, it is declared that value is any consideration sufficient to support a simple contract; that an antecedent or pre-existing debt constitutes value and is deemed such whether the instrument is payable on demand or at a future time. Sec. 3576, Rev. Codes, provides when an instrument is discharged. The 3d subd. is: "By the intentional cancelation thereof by the holder." The 4th is: "By any other act which will discharge a simple contract for the payment of money." An existing debt may be represented by the maker's own note and the surrender of such note will be a good consideration for a new obligation. (7 Cyc. 679.)

It was held in *Smith v. Smith,* 4 Ida. 1, 35 Pac. 697, as follows: "The delivery of the old note was a sufficient consideration for the giving of the new one, and the defense of the failure of consideration of the first note cannot be brought against the second."

In *Vollmer v. Reid's Estate,* 10 Ida. 196, 77 Pac. 325, it was held that a new mortgage or note is payment of the old security, when such is the agreement or understanding of the parties. When a new note or bill is given and received instead of the earlier paper, such paper is thereby discharged. (7 Cyc. 1011. See, also, 30 Cyc. 1200.)

It was held in *In re O'Neil,* 189 Fed. 1010, 1013, that there is a presumption when a note is renewed in due course at a bank by a note by the same maker and indorser that the old note is paid if taken up.

It is well settled that the acceptance of a promissory note is a payment of an antecedent debt, when such is the understanding and intention of the parties, and that such intention and understanding may be gathered from the surrounding facts and circumstances and not necessarily by an express agreement of the parties.

The evidence shows that the plaintiff's officers refused to accept any renewal notes, and that old notes were marked paid, canceled and returned to the defendant; that the officers

of said bank, under instructions of the bank examiner, stated to the defendant that they must have a new loan to be secured as an original transaction, and that the bank would not make any extension of old notes. The evidence also shows that the books of the bank show that the giving of each new note was treated as an original transaction and the old note entered as paid in full; that the bank did not renew notes, as that was strictly forbidden. The defendant was told at the time of making the new note that it was understood that it was a new loan and that he could have money to pay the old note. This same thing was stated to the defendant at the time of the making of the new note. The bank made no renewals whatever. It was absolutely the rule ever since its organization that when a note became due, it must be paid.

Authorities are cited which hold that the bare acceptance of a bill or note, without any agreement or surrounding circumstances to show that it was intended as a payment of a prior debt, will cause it to be deemed not a payment. That rule was supposed to be enunciated in the interest of good business and with a desire to compel a debtor to pay his creditors.

Now, in the case at bar, there is no question about the defendant owing the debt represented by the note sued on, and the rule above stated is here being used, not for the purpose of compelling a debtor to pay his creditor, but for the purpose of protecting the debtor's property from the payment of a just debt due his creditor.

The finding of the court to the effect that said note was a renewal is not supported by the evidence. This court held in *Ruddy v. Rossi*, 28 Ida. 376, 154 Pac. 977, that under the provisions of sec. 2296, Rev. Stats. of the U. S. (6 Fed. Stats. Ann., p. 307; 5 U. S. Comp. Stats., sec. 4551), when a debt was contracted after the issuance of a final certificate of a homestead entry but prior to the obtaining of a patent from the government, the land might lawfully be taken in satisfaction of the debt, since the patent, when issued, relates back to the date of the final certificate.

Since it is held that the debt sued on was contracted subsequent to the date of the issuance of the patent, the court erred in dissolving said attachment and quieting the title to said land as against plaintiff's judgment on said promissory note.

The cause is remanded with instructions to the trial court to make findings of fact and enter judgment in favor of the appellant, in accordance with the views expressed in this opinion. Costs are awarded to appellant.

Budge, J., concurs.

MORGAN, J., Concurring.—I concur in the conclusion reached and base my action in so doing upon the decision of this court in case of *Ruddy v. Rossi,* 28 Ida. 376, 154 Pac. 977, and cases therein cited, which case was decided by this court subsequent to the date of the judgment here appealed from.