(December 5, 1925.)

CHARLES OLIVER, Respondent, v. E. F. EWING COM-
PANY, LIMITED, a Corporation, Appellant.

[243 Pac. 650.]

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. John M. Flynn, Judge.

Action on contract for cutting and manufacturing timber. Judgment for plaintiff. *Affirmed.*

Potts & Wernette, for Appellant.

Where the answer is not one of payment, but a denial of the facts showing an indebtedness, the affirmative and burden of proof is on the plaintiff. (*Idaho Placer Min. Co., Ltd., v. Green,* 14 Ida. 294, 304, 94 Pac. 161.)

The respondent asserted the affirmative of the issue, and the burden of proof rested upon him throughout the trial and never shifted to the appellant. (22 C. J. 14; *Demeules v. Jewell Tea Co.,* 103 Minn. 150, 123 Am. St. 318, 114 N. W. 723, 14 L. R. A., N. S., 954; *Egbers v. Egbers* 177 Ill. 82, 52 N. E. 285; *Chicago Union Traction Co. v. Mee,* 218 Ill. 9, 4 Ann. Cas. 7, 75 N. E. 800, 2 L. R. A., N. S., 725.)

E. W. Wheelan, for Respondent.

The trial court may, in the exercise of a sound discretion, relax the rule and allow the cross-examination to extend to matters pertinent to the issue but not within the scope of direct examination, and the discretion of the court in permitting the cross-examination of a witness to be extended beyond the limits of his direct examination will not be reviewed on appeal. (28 R. C. L., p. 605, and cases cited.)

JOHNSON, District Judge.—This is an action by respondent against appellant company on a contract entered into between the parties for cutting and manufacturing certain timber. In this contract respondent agreed to cut and manufacture into posts, poles and sawlogs, all merchantable timber upon certain described lands in Boundary county. The cedar posts and poles were to be placed in an accessible manner at Caribou Spur, the poles to be decked on high skids. The sawlogs were to be delivered in Pack River at the place of cutting and floated at the time of driving. It was to be optional with appellant as to whether the cedar logs should be cut into fence posts or sawlogs. Then followed the rates and prices which appellant agreed to pay

for such material and a further provision for scaling the logs. Respondent was to assist in driving the logs to a point near Caribou Spur. The work was to be prosecuted diligently; all logs to be cut and delivered in the water by December 25, 1917, and the rest of the work to be completed as soon thereafter as possible.

The complaint alleged that this contract was amended by an oral agreement whereby a change was made as to the prices to be paid by appellant to respondent; that the time for completion of the contract was extended to March 1, 1921; that thereafter respondent delivered to appellant material in the total sum of $12,303.69. Respondent particularly specified in his complaint the material delivered and the respective prices therefor, which made up said sum of $12,303.69.

Respondent further alleged that appellant elected to exercise its option in the above-mentioned contract after all of said material was delivered afloat in Pack River, as to whether the cedar should be cut into fence posts or sawlogs, and advised respondent that it elected to accept cedar sawlogs in the water and relieve him of his obligation under said contract to split said cedar logs into fence posts at Caribou Spur, on the Great Northern Railway, in piles where they could be easily loaded upon cars as provided in said written contract, and at the same time it was agreed between respondent and appellant that appellant would relieve respondent from the obligation on his part to deck said poles and round posts on skids at Caribou Spur, and at the same time agreed to pay respondent said prices agreed upon for all material covered by said contract, delivered in the water.

Respondent further alleged that he had fully complied with the terms and provisions of said contract, and alleged that there became due to him from appellant the sum of $12,303.69, no part of which has been paid except $9,207.23, and demanded judgment for $3,096.46, with interest thereon from March 1, 1921.

Appellant in its answer admitted making the written contract but denied that it was amended by oral agreement and alleged that it was amended in writing.

Appellant admitted the qualities and kinds of timber alleged to have been manufactured by respondent, but denied that 694,319 feet of cedar logs was under the contract to be measured as logs, but alleged that as to this material, consisting of 694,319 feet, the same amount pleaded by appellant, the measurement was to be made on the basis of 200 posts to each thousand feet of cedar in the log, at the price of five cents each. Appellant denied that it agreed to pay respondent $10 per thousand feet for 140,620 feet of sawlogs, or to pay any price in excess of $4.00 per thousand feet for such material. Appellant admitted that it agreed to pay $10 per thousand feet for 87,610 feet of mixed sawlogs described in respondent's complaint. Appellant admitted that 13,928 lineal feet of round posts were to be paid for at the rate of three cents per foot, but claimed that a deduction of one cent per lineal foot should be made, amounting to $139.28, on account of said material not having been delivered at Caribou Spur. Appellant admitted that respondent produced and put afloat cedar poles as alleged in the complaint which amounted to a total of $2,660.35 at the contract price, but claimed that a deduction of one cent per foot should be made, amounting to $357.45, on account of said material not having been delivered at Caribou Spur.

Appellant, in his affirmative defense and as a counterclaim, admitted that under the terms of the contract $16,377.47 became due from appellant to respondent but alleged that it has paid out on account of the contract, the sum of $17,627.10, and alleged that by reason thereof, respondent is indebted to appellant in the sum of $1,249.63, for which amount it demanded judgment as a counterclaim against respondent. Appellant further denied that respondent had fully complied with the terms and provisions of the contract to be performed by him.

Appellant, by way of cross-complaint, alleged that December 17, 1920, a judgment was duly entered in the probate court of Bonner county, Idaho, in favor of appellant and against respondent in the sum of $19.10, and alleges that said judgment has not been paid and the sum of $19.10, with interest thereon at the rate of seven per cent per

annum from December 17, 1920, is due, owing and unpaid thereon.

The case was tried by a jury, and a verdict in favor of respondent was returned for the sum of $2,892.42 less the sum of $22.83, being the amount of the judgment previously obtained in the other case by appellant against respondent. Judgment was entered on the verdict in the sum of $2,869.59, from which this appeal is taken.

From repeated stipulations and agreements between counsel during the course of the trial the case narrowed down to one main question, namely: Was the written contract amended by oral agreement?

Appellant in its brief concisely stated the question as follows: "It developed during the course of the trial that the only issue between the parties was who should bear the cost of the drive. Respondent conceded that all charges made against him by appellant for advances were proper charges, except certain items which he claimed were incurred in driving the logs and other timber products, *and he disputed these items on the sole ground that they were incurred in connection with the drive and that appellant had agreed to relieve him from the cost of the drive.*"

It follows, then, that if the jury determined that the contract had been amended by an oral agreement the next question before them would be: Did appellant agree to relieve respondent from the cost of the drive?

If they determined that question in favor of respondent, then it would not be necessary for them to determine any of these items in dispute between the parties as to the cost of the drive, since, if respondent was to pay the cost of the drive, it would be wholly immaterial what the items were which made up the cost of the drive.

The court in several of its instructions placed this question fairly before the jury and instructed them "that the burden is upon the plaintiff to establish by a preponderance of the evidence the allegations of his complaint which are denied by the defendant"; and while the evidence is conflicting, the jury's determination of this question will not be disturbed by this court.

The evidence disclosed that appellant company kept the accounts of the timber operations of respondent, and financed respondent in handling his contract with appellant. Whenever men employed were to be paid, an order would be sent to appellant, signed by respondent, or else respondent would sign the order when he came to appellant's office; and the record also shows that this was true as to grocery bills incurred and used at the camp while the drive was on.

William S. Finney, secretary and treasurer of appellant company, called for cross-examination under the statute, was asked the following question: "Q. Now, I will ask you if you did not get from Mr. Oliver, before the preparation of this or about the time the work was suspended, all record books kept by him on the job, if they were not delivered at your office? A. I think we did."

Appellant furnished respondent with a list of items embracing the sums paid out by appellant on account of the contract. From this complete list so furnished and in evidence, there was segregated a list of items in dispute between the parties and this list of disputed items was marked in evidence as Exhibit "G." During the course of the trial counsel repeatedly stipulated as to the effect of Exhibit "G," and the jury had clearly and repeatedly before them that Exhibit "G" covered only the disputed items, as shown by the following: "Mr. Taylor: It is not stipulated that they are all the items on the drive. It is not stipulated they are the only items. Mr. Wheelan: The only items of your statement that are disputed. Mr. Taylor: The only items that are disputed."

Counsel, in cross-examining respondent, called his attention to items disputed in Exhibit "G" and counsel for respondent objected, and the following occurred: "Mr. Wheelan: I make objection to the question. I don't think the question is a fair question. I do not think the witness has testified that this amount, or these amounts were paid, but he has only testified that they are not chargeable to him. I think the question assumes that the witness testified that these amounts were not paid out. It is conceded by the stipulation that these amounts were paid out by you. There is

no question about the money being paid out. My stipulation admits that these men were paid; that they were paid by Ewing. Mr. Taylor: Your stipulation did not admit anything that they were paid by Ewing. The stipulation agreed that these items were disputed should not be charged to Oliver. The Court: No, it may be understood then that these items—stipulated that these items were paid by Ewing, and that the only question is whether or not they are properly chargeable to this man. Mr. Taylor: Certainly.''

Again, in connection with Exhibit ''G,'' we find the following: ''Mr. Taylor: I might shorten this examination if the record is what I think it is, Mr. Wheelan, with relation to Plaintiff's Exhibit 'G'; that is, all these disputed items. Mr. Wheelan: Yes. Mr. Taylor: It is conceded that they were paid by the Ewing Company, but contended that they were on the drive and therefore not chargeable to Oliver. Mr. Wheelan: That's right. I thought that is what we stipulated. Mr. Taylor: There is a lot of grocery bills and such as that. Mr. Wheelan: My position with reference to that is the same, that they were grocery bills incurred while the drive was on, used at the camp during the time of the drive, and properly used in the drive towards the production of material. Mr. Taylor: That will shorten it.''

The appellant assigns as error, and stresses in its brief, this part of the court's instructions: ''The burden is upon the defendant to establish by a preponderance of the evidence the payments alleged to be made by it to the plaintiff on account of this contract, and that such payments are chargeable against plaintiff in this action.''

The court did not err in giving the above instruction for the reason that it is directed to an affirmative defense and there is no dispute as to such payments, it having been repeatedly agreed that the payments were made by appellant, and the court, in another instruction following the part complained of, stated the issue as follows: ''The court instructs the jury that there is no issue between the plaintiff and the defendant as to the amounts expended by the defendant in connection with this contract, but there is an issue as to whether the expense of driving of materials cov-

ered by this contract is to be borne by plaintiff or defendant.''

The court in other instructions governing the specific items claimed by respondent as being due him on account of the contract repeatedly instructed the jury that the burden was on the plaintiff.

Appellant also contends that the court erred in permitting counsel for respondent to abuse the privilege of cross-examination of William S. Finney, secretary and treasurer of the appellant company, when called under the statute. We have carefully examined the record and find no merit in this contention.

We do not believe it is necessary to discuss the other errors assigned as we find no merit in any of them. The judgment of the lower court is affirmed, with costs to respondent.

Wm. A. Lee, C. J., and Wm. E. Lee and Budge, JJ., concur.

Givens, J., dissents.

Taylor, J., disqualified.

(February 24, 1926.)

### ON PETITION FOR REHEARING.

WM. E. LEE, J.—The instruction relating to the burden of proof, in view of the issues arising from the allegations of the respective parties and the stipulations, was not incorrect. In the instructions, of which that quoted in the original opinion is a part, the jury was told that respondent had the burden of proving the alleged modification of the original contract, and it followed that, if he succeeded in such proof, he was entitled to recover the amount charged against him for the drive. On the other hand, the court instructed the jury that the burden was on appellant to prove the allegations of his counterclaim, i. e., that approximately $17,000, which it was stipulated appellant had paid out, was properly charged against respondent. In this connection it

is important to note that even under the original contract, which appellant contended had not been modified, respondent was not required to bear all the expense of the drive. It was therefore peculiarly appropriate for the court to instruct the jury that the burden was on appellant to prove that " . . . . the payments alleged to be made by it . . . . are chargeable against . . . . " respondent. The last sentence of the quoted instruction referred to the "payments" alleged in the counterclaim, by reason of which appellant demanded judgment. The instruction did not place on appellant the burden of proving that the cost of driving the logs, which, under the original contract, respondent was required to bear, "was chargeable to" respondent. It is our view that the issues, facts and circumstances in this case are such as to be plainly distinguishable from *Idaho Placer Min. Co., Ltd., v. Green*, 14 Ida. 294, 94 Pac. 161, and the law there announced is not applicable in this case.

We adhere to the original opinion.

William A. Lee, C. J., and Budge and Givens, JJ., concur. Taylor, J., disqualified.

Petition for rehearing denied.